<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
EDWARD F. KLINGER,                    )
                                      )  Civil Action
            Petitioner                )  No. 11-cv-01065
                                      )
     vs.                              )
                                      )
DAVID PITKINS;                        )
THE DISTRICT ATTORNEY FOR THE         )
  COUNTY OF NORTHAMPTON[1]; and       )
THE ATTORNEY GENERAL FOR THE STATE    )
  OF PENNSYLVANIA,                    )
                                      )
            Respondents               )
```

<u>O R D E R</u>

NOW, this 18th day of October, 2011, upon consideration of the following documents:

>(1) Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner Edward F. Klinger pro se on January 31, 2011[2] (Document 1);

>(2) Amendment to § 2254, 28 U.S.C.A. H/Corpus, which amendment was filed by petitioner on March 21, 2011 (Document 3);

>(3) "Amended Motion 06/13/2011 (<u>Re: Case # 11cv1065</u>) Amended Default Judgment & Failure to Respond", which amended motion was filed June 29, 2011 (Document 10), together with the August 26,

---

[1] Petitioner Edward F. Klinger appears to have incorrectly named the District Attorney for the County of Northampton as the District Attorney for the "County of North Hampton" in his habeas petition. (<u>See</u> Petition at page 1.) Because it is clear from a review of the documents that petitioner intended to name the District Attorney for the County of Northampton as a respondent, this Order will refer to the party by that name.

[2] Although the docket entries reflect that the petition for writ of habeas corpus was filed February 14, 2011, petitioner indicated next to his signature that he executed the petition on January 31, 2011. (<u>See</u> Petition at page 11.) Pursuant to the prison mailbox rule, this court will consider the date of filing as January 31, 2011. The prison mailbox rule deems a motion to have been filed on the date the petitioner delivered his petition to prison officials to mail. <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1997). <u>See</u> R&R at page 5, footnote 3.

>2011 Order of United States Magistrate Judge
>Arnold C. Rapoport denying the amended motion;
>
>(4) Respondent's Answer to Petitioner's Petition
>for Writ of Habeas Corpus and Consolidated
>Memorandum of Law, which answer and memorandum
>were filed on August 11, 2011 (Document 12);
>
>(5) Report and Recommendation of United States
>Magistrate Judge Arnold C. Rapoport filed
>August 26, 2011 (Document 14)("R&R"); and
>
>(6) Objection to Magistrate: Arnold C. Rapoport's
>Decision (Time-barred by Statute[)], which
>objections were filed by petitioner on
>September 14, 2011 (Document 15);

it appearing after review of this matter that Magistrate Judge Rapoport's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

>IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Rapoport are overruled.[3]

---

   [3]   When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); E.D.Pa.R.Civ.P. 72.1(IV)(b).  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

   Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

   Petitioner is incarcerated at the State Correctional Institution Laurel Highlands in Somerset, Pennsylvania, where he is serving a sentence of

(<u>Footnote 3 continued:</u>)

(<u>Continuation of footnote 3:</u>)

28 to 56 years imprisonment, imposed by the Court of Common Pleas of Northampton County, Pennsylvania. A jury convicted petitioner of three counts of Involuntary deviate sexual intercourse, in violation of 18 Pa.C.S.A. § 3123(a), three counts of Aggravated indecent assault, in violation of 18 Pa.C.S.A. § 3125, and one count of Statutory sexual assault, in violation of 18 Pa.C.S.A. § 3122.1. The factual and procedural history underlying petitioner's request for federal habeas relief taken from the petition for writ of habeas corpus and respondents' answer thereto, is well-summarized in the Report and Recommendation at pages 1-3, and is incorporated here.

　　　　Petitioner raises five numbered objections to the Report and Recommendation. Three of petitioner's objections appear to challenge the determination of United States Magistrate Judge Arnold C. Rapoport that petitioner's time-barred habeas petition is not entitled to equitable tolling.

　　　　Specifically, petitioner contends that the one-year statute of limitations for habeas petitions should be equitably tolled because petitioner suffered a stroke on May 23, 2009, which constitutes "extraordinary conditions that prevented [petitioner] from filing on time." (Objections at page 1, ¶¶ 1,3.) Petitioner's remaining two objections appear to challenge the alleged delay of respondents in filing a response to petitioner's habeas petition, but those objections do not appear to address the Report and Recommendation itself.

　　　　I conclude that petitioner's objections regarding equitable tolling are without merit. As correctly determined by Magistrate Judge Rapoport, petitioner's habeas petition is time-barred pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). Petitioner does not appear to challenge the conclusion that his petition is time-barred pursuant to the AEDPA. Accordingly, this court can only consider the merits of petitioner's habeas petition if the statute of limitations is subject to equitable tolling.

　　　　The United States Court of Appeals for the Third Circuit has held that equitable tolling is proper only in the rare situation where it is demanded by sound legal principles as well as the interests of justice. <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998).

　　　　The statute of limitations should not be equitably tolled unless petitioner establishes that, in seeking federal habeas relief, (1) he exercised reasonable diligence in pursuing his rights; and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. <u>Holland v. Florida</u>, __ U.S. __, __, 130 S.Ct. 2539, 2562, 177 L.Ed.2d. 130, 145 (2010). Petitioner bears the burden of showing that he diligently pursued his rights, and that an extraordinary event prevented him from timely filing. <u>Urcinoli v. Cathel</u>, 546 F.3d 269, 273 (3d Cir. 2008).

　　　　Petitioner contends that because he suffered a stroke on May 23, 2009, he was prevented by extraordinary circumstances from timely filing his habeas petition. However, following his stroke, on July 13, 2009, petitioner timely filed an appeal to the Superior Court of Pennsylvania regarding the denial of his Post-Conviction Relief Act ("PCRA") petition. In addition, on

      IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Rapoport is approved and adopted.

      IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed without a hearing.

---

(Footnote 3 continued:)

(Continuation of footnote 3:)

July 16, 2009, because the Superior Court affirmed the denial of his PCRA petition, petitioner timely filed a petition for allowance of appeal to the Supreme Court of Pennsylvania.  Thus, petitioner's condition did not appear to prevent him from asserting his rights in state court, which undermines his contention that his condition prevented him from asserting his rights in federal court.

      Moreover, as correctly determined by Magistrate Judge Rapoport, petitioner had until the end of January of 2010 to file a timely habeas petition.  Further, petitioner waited until January 31, 2011 to file his habeas petition, which was a year after the statute of limitations ran and over a year and a half after his stroke.

      Petitioner has not alleged how his stroke eight months earlier prevented him from filing a habeas petition until January 31, 2011.  Petitioner's objections likewise fail to describe any actions he took which demonstrate that he exercised reasonable diligence in pursuing his rights.  Accordingly, I overrule petitioner's objections regarding equitable tolling.

      Further, I conclude that petitioner's remaining objections regarding respondents' alleged delay in filing a response to his habeas petition, rather than raising an objection to the Report and Recommendation, are merely a restatement of petitioner's argument that was considered and rejected by Magistrate Judge Rapoport in the Order filed August 26, 2011.  Therefore, I do not address those objections.  See 28 U.S.C. § 636(b)(1)(C); see also Morgan v. Astrue, 2009 U.S.Dist. LEXIS 101092, at *8 (E.D.Pa. Oct. 30, 2009)(Buckwalter, S.J.).  Moreover, upon review of Magistrate Judge Rapoport's Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.

      Accordingly, I approve and adopt Magistrate Judge Rapoport's Report and Recommendation, and overrule petitioner's objections to the Report and Recommendation.  Moreover, because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate the denial of a constitutional right, a certificate of appealability is denied.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner
James Knoll Gardner
United States District Judge